IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:90-CV-01704 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| SUMMIT EQUIPMENT & SUPPLIES, INC., et ) | |
| al., ) | |
| ) | MEMORANDUM AND ORDER |
| Defendants. ) | |
| ) | |

Before the court is plaintiff United States of America's (the "Government") motion to enter consent decree with alleged generator defendants [Docket No. 570]. The consent decree was lodged with the court on November 22, 2005 [Docket No. 566], and notice of its lodging was filed in the Federal Register on December 14, 2005. 70 Fed. Reg 74032 (Dec. 14, 2005). The notice stated that the Government would receive comments on the proposed consent decree for thirty days. No comments were filed.

"When reviewing a consent decree, a court need only 'satisfy itself that the settlement is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve.'" *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1424 (6th Cir. 1991) (citation omitted). In other words, the court's task is to apply the "arbitrary and capricious test" to the proposed settlement, not conduct its own *de novo* review. *Id.* at 1424-25. In making that determination, the court is to keep in mind that "[p]rotection of the public interest is the key consideration in assessing whether a decree is fair, reasonable and adequate." *Id.* at 1435. In this case, no party has challenged the consent decree on any ground, and the Government's motion to enter the consent decree is

unopposed.

The court is satisfied that the consent decree is both procedurally and substantively fair. The consent decree is procedurally fair because it was the product of arms-length negotiations between numerous parties represented by experienced counsel. *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3d Cir. 2003). The settlement also takes into account the proportional share of liability of each settling defendant, satisfying substantive fairness. *United States v. Davis*, 261 F.3d 1, 24 (1st Cir. 2001). Finally, the court notes the "presumption in favor of voluntary settlement," which "is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA which enjoys substantial expertise in the environmental field." *Akzo Coatings*, 949 F.2d at 1436. Under the consent decree, the Government will recover the majority of its unreimbursed past response costs, as well as expected future response costs. Because the cleanup work has largely been completed, reimbursement of those response costs is nearly all that remains.

For those reasons, the court grants the Government's motion to enter the consent decree [Docket No. 570]. The consent decree lodged in the record [Docket No. 566] is hereby approved and entered. The consent decree constitutes final judgment between and among the United States (and all departments, agencies and instrumentalities, including the U.S. Environmental Protection Agency and the Defense Logistics Agency) and the following parties as listed in the consent decree: ArvinMeritor, Inc. (on behalf of Rockwell Standard Division of Rockwell International Corp.); Bridgestone/Firestone North American Tire, LLC; the City of Cleveland, Ohio; Clark Equipment Co.; Cleveland Steel Container Corp.; CSX Transportation, Inc. (a wholly-owned subsidiary of CSX Corp.); Curtiss-Wright Corp. (for itself and its wholly-owned subsidiary, The Marquette Metal

Products Co.); DaimlerChrysler Corp.; Eaton Corp.; GATX Corp.; General Motors Corp.; Giddings & Lewis, LLC (now known as GLH, LLC), G & L USA, LLC, and Giddings & Lewis Machine Tools, LLC (on behalf of themselves and the Warner & Swasey Division of Bendix Automation Company); Honeywell International, Inc. (on behalf of Warner Swasey Division of Bendix Automation, Bendix Corp., and Allied Signal, Inc.); LaFarge North America, Inc. (as successor to General Portland, Inc.); Lear Sigler Diversified Holdings (as successor to Lear Sigler, Inc.); McNeil & NRM, Inc.; Navistar International Corp.; Owens-Illinois, Inc.; Rolls-Royce North America, Inc. (as successor to the Parson Peebles Electric Co.); Spang & Company; and Viacom, Inc. (successor by merger with CBS Corp., f/k/a Westinghouse Electric Corporation).

Finding no just reason for delay, the court enters the consent decree and this order as a final judgment between the Government and the listed parties under FED. R. CIV. P. 54 and 58. The parties are reminded that the deadlines set in the court's case management conference plan/trial order [Docket No. 565] are still in force. A status conference is set for May 12, 2006 for the remaining parties on this case, as well as, in case No. 5:05cv2031.

IT IS SO ORDERED.

                s/Ann Aldrich
                ANN ALDRICH
                UNITED STATES DISTRICT JUDGE

**Dated: March 20, 2006**